The City of Jefferson v. Whipple.

---

. THE CITY OF JEFFERSON, *Plaintiff in Error*, v. WHIPPLE.

1. **Taxes**: VAGUENESS OF DESCRIPTION IN TAX BILL. Vagueness in the description of the property intended to be taxed is fatal to the validity of a tax bill. This description : " Part of inlot numbered 331 on the plat of the city," is void for vagueness.

2. ——— : MUNICIPAL CORPORATION. A city has no lien for its taxes, and no power to impose penalties for non-payment of taxes, unless given by its charter.

3. ——— : STATUTE OF LIMITATIONS. The statute of limitations cannot be invoked against the State when she sues to enforce the lien given her by law for city taxes, but may be invoked against the city suing to collect the same taxes by personal judgment against the individual assessed.

*Error to Cole Circuit Court.*—The case was tried before S. H. OWENS, ESQ., sitting as Special Judge.

AFFIRMED.

The City of Jefferson v. Whipple.

The particular description of the lot sought to be charged, which was stricken out of the petition by stipulation of the parties, was not found on the assessor's list or the tax books. The description there was simply "Part of inlot numbered 331 on the plat of the city."

*J. R. Edwards* for plaintiff in error.

*Botsford & Williams* for defendant in error.

Per Curiam.—This is an action by the City of Jefferson to recover city taxes, and ten per cent penalty, and 1. TAXES: vagueness of description in tax bill. interest for the years 1866, 1873, 1874, 1875 and 1876, in which the plaintiff claims and by this suit seeks to enforce a lien against "part of inlot No. 331, on the plat of said city." There was, in the petition as originally filed, a particular description of the part of said lot, sought to be charged with the taxes and lien, but, by stipulation between the parties, the particular description was stricken out, leaving the description of the property as above stated. A demurrer to the petition was sustained by the court, and plaintiff has brought the cause here by writ of error. The description of the property is so vague that no action can be maintained, either to enforce a lien, if one existed, or to recover the taxes. How is it possible from the description to ascertain what part of the lot is chargeable with the taxes, or the lien? A deed conveying a part of a lot, or a tract of land, would convey no legal title to any portion of the lot, or tract. The petition in this regard was therefore fatally defective.

In the case of *Schmidt v. Smith*, 57 Mo. 135, it was decided that the City of Jefferson has no lien upon property 2. ———: municipal corporation. for city taxes assessed against it. In the case of the *City of Kansas v. Payne, ante*, p. 159, it was held that the City of Kansas had a lien for city taxes on real estate, because her charter expressly gave it, but, that for the city taxes of cities whose charters con-

tained no such provision, the lien was given to the state. Nor has the City of Jefferson any right, under the charter, to impose a penalty for the non-payment of city taxes. Such power is not conferred, either expressly or by implication, and it is not an inherent power in municipal corporations.

With regard to the statute of limitations, it has recently been decided by this court in the case of *State to the use of Rosenblatt v. Heman*, 70 Mo. 441,

3. ——: statute of limitations.

that the statute of limitations does not run against a demand of the State for state taxes; and as the lien for delinquent city taxes is reserved to the State, and only enforceable by the State, it would seem to follow, that the statute does not apply to such taxes when the State sues to enforce such lien. Section 181, Wag. Stat. 1196, provides as follows: "Real property shall, in all cases, be liable for all taxes due any city or incorporated town or school district, and a lien is hereby created in favor of the State of Missouri for all such taxes, the same as for state and county taxes, which lien shall be enforced as in this act provided." The State only can enforce the lien, but the remedy given the city for the collection of its taxes, by suit against the person against whom the taxes are assessed, is not taken away. In the *City of St. Louis v. Newman*, 45 Mo. 138, a special tax assessed against the property of the defendant was held to be "within the scope of the statute of limitations;" and the court in that case, seems also to have held that the statute of limitations applied to actions brought in the name of the State for state taxes. This has been otherwise determined in the case of *State to use of Rosenblatt v. Heman, supra*. The statute cannot be pleaded to an action brought by the State for taxes, whether state and county, or to enforce a lien for delinquent city taxes. In an ordinary suit between the city and the individual against whom the taxes are assessed, the plea of the statute is a good defense. This presents an anomaly. The statute can be pleaded against

the city, while in an action by the State to enforce the lien for the same taxes, the statute is not a bar to the action. This seems to be the condition in which the legislature has left the subject, and it is not within the province of this court to bring order and harmony out of this confusion and discord. The judgment is affirmed, Henry J. not sitting.