THE STATE *ex rel.* ELLISON, *Collector, Appellant,* v. PILAND.

**Limitations, Statute of:** BACK TAXES. The statute of limitations does not run against a demand of the State for delinquent taxes.

*Appeal from Ozark Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*W. J. Orr* for appellant.

The statute of limitations does not run against the

State in a suit for the collection of back taxes. *State ex rel. v. Heman,* 70 Mo. 441; *City of Jefferson v. Whipple,* 71 Mo. 519.

*Livingston & McClendon* for respondent.

NORTON, J.—This suit was instituted in the circuit court of Ozark county, on the 5th day of January, 1881, to recover and enforce the lien of the state for back taxes for the years 1873, 1874 and 1875, on certain lands in the petition described, aggregating the sum of $120.51. The petition was demurred to on the ground that plaintiff's action was barred by the statute of limitations. The court sustained the demurrer, dismissed the suit, and adjudged the costs against plaintiff, and from this judgment the state appeals.

The action of the court in sustaining the demurrer was erroneous. In the cases of the *State to use of Rosenblatt v. Heman,* 70 Mo. 441 and *City of Jefferson v. Whipple,* 71 Mo. 519, it was held that the statutes of limitations does not run against a demand of the State for taxes. Section 3253 of Revised Statutes which provides that " the limitations prescribed in this chapter shall apply to actions brought in the name of this State, or for its benefit, in the same manner as to actions by private parties," does not apply to suits brought for taxes inasmuch as section 6846 of the revenue law, in express terms, declares that the " provisions of said section 3253 shall not apply to actions brought by the State under the revenue law."

Judgment reversed and cause remanded, in which all concur.