### WOOTTEN v. OKLAHOMA TAX COMMISSION et al.

No. 25489.   Jan. 22, 1935.

Rehearing Denied Feb. 19, 1935.

Melton & Melton, for petitioners.

C. W. King and A. L. Herr, for respondents.

BAYLESS, J. R. K. Wootten, a citizen of Oklahoma, brought this original action in this court by filing his petition for a writ of prohibition against the Oklahoma Tax Commission and its official members. He seeks to prohibit said Commission from going into the correctness of his income tax returns made to the state of Oklahoma prior to the year of 1926, upon the general ground that the threatened action is in excess of its power or authority.

The facts are these: The first state Income Tax Law was enacted in 1915 (chapter 164, S. L. 1915); and, later in 1921 (chapter 44, S. L. 1921), and in 1931 (chapter 66, S. L. 1931) and in 1933 (chapter 195, S. L. 1933) other income tax laws were passed. It is only such taxes that were imposed by the laws of 1915 and 1921 that are involved herein. The laws of 1931 and 1933 are presented and argued only in aid of the legal questions involved. In the income tax returns made by Wootten down to and including 1926, no mention was made of income derived from real property situated outside the state of Oklahoma. These omissions were not challenged by the officials charged with the administration of said. laws. In 1927, the Attorney General rendered an opinion to the State Auditor in which he held that such income was returnable and taxable under said laws. The State Auditor thereupon rejected Wootten's return for the year of 1926, and demanded that it be amended to show such income. Wootten's attorneys thereupon wrote to the State Auditor as follows:

"We have received from your office the opinion of the Attorney General of January 5, 1927, with reference to whether or not a resident of this state, who derives income from real estate located outside of Oklahoma is subject to income tax on the income from such property, in connection with our conference last week. * * *

"In view of the former construction of the income tax law, and its application and enforcement by departmental authorities, as explained to us last week, we think that income tax returns for all years prior to 1926 should be examined by your department, in accordance with authority of the income tax law, to your satisfaction, and a determination made that such returns, as filed, are

correct and no additional tax is due thereunder, and upon this basis, we would advise Mr. Wootten to amend his 1926 return to conform to your request, and in accordance with the opinion of the Attorney General of January 5, 1927."

To this letter the State Auditor replied, in part:

"I am in receipt of your letter of the 7th instance in regard to the R. K. Wootten state income tax return. In reply will state, in my opinion, as my predecessors in this office examined Mr. Wootten's reports and have allowed him to pay tax in accordance with reports filed, their action would be final in the matter. This statement applies to all reports filed for the years prior to 1926."

Wootten then filed an amended return for the year 1926, accompanied by a letter, which reads in part:

"Pursuant to our recent conference with your department in connection with amended returns of R. K. Wootten *** for state income tax for the year 1926, and our correspondence with you with reference thereto, and in accordance with our understanding of your construction of the provisions of the Income Tax Law as set out in your letter of June 10, 1927, as to returns for prior years, we inclose herewith amended state income tax returns, by R. K. Wootten *** for the year 1926, in accordance with the contention of your department, under an opinion of the Attorney General, of the state, to the State Auditor, dated January 5, 1927, a copy of which you mailed to us with your letter of June 3, 1927. ***

"While the amended returns conform to your construction of the law, in accordance with the opinion of the Attorney General referred to, yet this construction is different from the construction heretofore placed on this law by the State Income Tax Department, and this construction, under which the amended returns were filed, imposes a very material burden upon the taxpayer, not imposed by the former construction of the law, and its administration by the Income Tax Department and we are yielding to your construction and assuming the additional burden imposed thereby, relying upon your construction of the law, as contained in your letter of June 10, 1927, to the effect that as to all income tax returns for years prior to the year 1926, by R. K. Wootten *** the construction of the law now contended for and yielded to, could not be applied, but all such returns as made, and taxes paid thereon, and that such returns are therefore final although on a different basis from the amended returns for 1926, and that the construction of the law under which the 1926 amended returns are

filed, and taxes paid cannot be applied to any returns prior to the taxable year 1926."

Since 1926, Wootten has included such items of income in his returns. There is no contention that his act of omitting these items from previous returns was done fraudulently. On the contrary, it appears from the record that said items were omitted in good faith. The Commission now undertakes to open up his returns prior to 1926, and to require him to amend them by including therein such omitted items of income. The record and the correspondence relating to the prior years fails to disclose that the State Auditor was ever advised of the items or amounts of omitted income.

We believe the power of the State Auditor, while such matters were administered by him, or the Commission as his successor, to reopen, at least one time, returns for prior years for the purpose of collecting items of income fraudulently concealed, or items of income omitted, has been determined and upheld by us in the case of Champlin v. Oklahoma Tax Commission, 163 Okla. 185, 20 P. (2d) 904.

However, we are unable to say that the letters which passed between the State Auditor and Wootten bring this case wholly within the Champlin Case, supra. In this case it is conceded that certain items of income were omitted in certain years. It is contended now that the action of the State Auditor in 1927, when these omissions were called to his attention, amounted to a review, or revision of the returns of those previous years, and amounted to a controversy over the matter which was determined by the State Auditor in such a manner as to make the rule announced in the Champlin Case applicable. To us it is clear that the State Auditor did not review or revise those returns, but refused to take any action or enter into a controversy over such returns, but contented himself by saying that the actions of his predecessors in office were final. Furthermore, it is to be observed that no amended returns were submitted nor were the items of omission ever furnished to the State Auditor.

Wootten contends that the Act of 1931, supra, creating the Commission, and the Act of 1933, supra, transferred to the Commission the exercise of the powers formerly possessed and exercised by the State Auditor only as to taxes "already accrued," that is, taxes already assessed under existing laws. He argues in effect that no tax is imposed, no obligation to pay any tax ex-

ists,. and no tax accrues until a return is made, the return is examined, the tax is computed, and notice of the amount assessed or found to be due is given the taxpayer. Texts and cases are cited and relied upon by him by which a difference is attempted to be made between a tax "imposed" and a tax "accrued." But the argument of Wootten in this respect is not convincing. To adopt his contention would mean that no obligation to pay any tax is imposed or exists until all of the administrative steps have been taken. This would mean, as to the taxable years up to and including 1930, that if a fraudulent return was made, or items of income were omitted, or if a return had been made but lost or misplaced, or if insufficient time remained to permit the State Auditor to act upon current returns before turning over the administration of such laws to the Commission, the state would lose its right to remedy such a situation. This seems illogical to us. We think that an obligation to pay an income tax arose for each taxable year when a citizen of Oklahoma received within said taxable year income upon which the current income tax law operated. It accrued then. The items of income returnable might be controverted, the exemptions and deductions might be uncertain and thereby render uncertain the amount eventually to be due, no immediate duty to make payment might exist, and no liability to penalty for nonpayment could be enforced, until the State Auditor had performed certain administrative duties; then the party would know the amount of the "accrued" tax. See 26 R. C. L. 155, sec. 127, and cases cited.

Wootten next contends that the Act of 1921, supra, repealed the law of 1915, supra, and that the Act of 1931, supra, repealed the law of 1921, supra, in the sense that upon the passage of the Act of 1921, no power or authority remained to administer any rights which arose under the Law of 1915. supra; and that, upon the passage of the Act of 1931, supra, no power or authority remained to administer any rights which arose under the Act of 1921, supra. In other words, he argues that when said laws were repealed the relation between him and the state of Oklahoma became as though no such laws had ever existed, and as though no rights had arisen in favor of either of them under such laws. This cannot be. In our opinion the effect of the Act of 1921 supra, upon the Law of 1915, supra,

was this: In 1921, the Legislature said, from this forward all income tax to accrue and be paid shall be under this act and administered as herein provided, and we hereby abandon the Law of 1915, supra, as the measure or method of computing and collecting all income tax to accrue from this time on. The same for the Act of 1931, as respects the Law of 1921, supra. It is not logical to construe these acts to say, in effect: "We hereby announce a new basis for the accrual and administration of income tax in Oklahoma, and hereby forgive all frauds, and overlook all omissions and delinquencies, and hereby remit all taxes which have accrued but are not yet computed and collectible, which may have arisen under the acts superseded when these laws take effect." Acts of our Legislature must be given a logical and reasonable construction. See 61 C. J. 1565; State ex rel. v. Slusher, 119 Ore. 141, 248 P. 358; State v. Nagle, 100 Kan. 495, 164 P. 1073; and Commonwealth v. Paynter's Adm'r (Ky.) 2 S. W. (2d) 664. Some cases speak of an act having only prospective application unless retrospective application be specified upon its face. Under our Constitution, our Legislature has no authority to remit any indebtedness or liability existing in favor of the state of Oklahoma. Art. 5, sec. 53, Constitution of Oklahoma.

What we have said in the preceding paragraphs disposes of the argument made that the Act of 1931, supra, transferred to the Commission the exercise of the powers and duties of the State Auditor under existing laws only, that is to say, under the law of 1921, supra.

Wootten next argues that the statute of limitations has run upon whatever right the State Auditor, and the Commission as his successor, had to do what the Commission is now threatening to do. The Acts of 1915 and 1921, supra, contained no express statute of limitation. The schedule of time contained in these acts within which the taxpayer should perform certain duties on his part and the State Auditor should perform certain duties on his part, cannot be construed as limitations of the right of the State Auditor to proceed in the event of the failure of the parties to maintain this schedule, even if the taxpayer went so far as to make no return at all. In our opinion there is nothing to be found in either of these acts indicating an intention on the part of the Legislature to create a statute of limitation. The Act of 1933, supra, sec-

tion 19, contains a statute of limitation within which the Commission may take steps to enforce its authority. However, it is plain from the language of this section that the period of limitations provided applies to the Act of 1933 only.

The writ of prohibition prayed for is denied.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, CORN, PHELPS, and GIBSON, JJ., concur.