STATE OF MISSOURI, Appellant, v. GROVER DALTON.—No. 38975.—182 S. W. (2d) 311.

Division Two, September 5, 1944.

*Roy McKittrick,* Attorney General, and *Gaylord Wilkins,* Assistant Attorney General, for appellant.

*Byron Kearby* for respondent.

BARRETT, C.—On September 22, 1943, with the State of Missouri as plaintiff, the Attorney General filed three separate petitions in a justice court in Butler County against Grover Dalton. The petitions stated that for the years 1931, 1932 and 1934 Grover Dalton had a net taxable income, exclusive of deductions and exemptions, of $2,408.43, $1,800.00 and $2,072.30 respectively and that the income tax assessed and due for the respective years was $50.84, $47.62 and $63.55. The question for decision on this appeal by the State is whether the claims for income taxes are barred by the statute of limitations.

There is no specific provision in the income tax law (Art. 21, Ch. 74, Mo. R. S. A.) limiting the time in which the state may initiate litigation for the recovery of delinquent income taxes. The respondent contends, nevertheless, that the general statutes apply and that the present claims are barred by the limitations prescribed for personal

actions. The material parts of the statute, Sections 1012, 1014 and 1040 are as follows:

"*Civil actions,* other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, . . ."

"Within five years: First, all *actions upon* contracts, *obligations or liabilities, express or implied,* . . . second, *an action upon a liability created by a statute* other than a penalty or forfeiture; . . ."

"*The limitations* prescribed in articles 8 and 9 of this chapter *shall apply to actions brought in the name of this state,* or for its benefit, *in the same manner as to actions by* private parties."

The state contends that these general provisions are not applicable to claims for income taxes. The legislature has specifically provided a limitation of five years for suits to recover personal property taxes and delinquent real property taxes. Mo. R. S. A., Secs. 11112, 11165. It is said that an income tax is neither a real property tax nor a personal property tax and so does not come within the terms of either of these statutes. It is said that the fact that the legislature has seen fit to enact specific statutes of limitation as to these taxes is indicative of a legislative intent that the general statute of limitations was not intended to apply to income taxes, for had the legislature intended a period of limitation for income taxes it would have specifically legislated on the subject as it did with real and personal property taxes. It is also urged for these reasons that the provision of Section 1040 that "the limitations . . . shall apply to actions brought in the name of this state" was never intended to apply to income taxes and, therefore, the general statutes cannot apply.

It is true that in State to the use of Rosenblatt v. Heman, 70 Mo. 441, City of Jefferson v. Whipple, 71 Mo. 519, State ex rel. Ellison v. Piland, 81 Mo. 519 and In re Life Assn. of America, 12 Mo. App. 40 it was held that the general statute of limitations did not apply to an action by the state to enforce its lien for back taxes nor to a suit by a city claiming taxes "for state, city and school purposes." In those cases the court did say that it was a general rule that statutes of limitation did not run against the sovereign unless the statutes specifically provided even though our present Section 1040 was then in force. But as these cases definitely point out, the real reason the general statutes and Section 1040 could not apply was that "*the article of the revenue law which provides for the enforcement of the state's lien upon land for taxes by suit in the circuit court, recites that 'the provisions of section 3253 (1040) shall not apply to actions brought by the state under this act'* . . ." In re Life Assn. of America, supra. The provision excepting the state from Section 1040 when it sued for delinquent taxes was inserted in the revenue law of 1877. Laws Mo. 1877, Sec. 15, pp. 384-389. That provision excepting the

state from the operation of Section 1040 and the general statutes were, of course, repealed when the beginnings of our present Section 11165 was enacted, "No action for recovery of taxes against real estate shall be commenced, had or maintained, unless action therefor shall be commenced within five years after delinquency . . ." Laws Mo. 1885, p. 234; Mo. R. S. A., Sec. 11165.

There can be no doubt but that at common law statutes of limitation did not apply to actions by the state. This concept was expressed by the maxim "No time runs against the Crown" (Nullum tempus occurrit regi). Annotations 101 A. S. R. 144; County of St. Charles v. Powell, 22 Mo. 525. But neither can there be any doubt but that this common law concept is abolished whenever Section 1040, that "The limitations prescribed in articles 8 and 9 of this chapter shall apply to actions brought in the name of this state," is made to apply. Emery v. Holt County, 345 Mo. 223, 132 S. W. (2d) 970; State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, 169 S. W. 145; 37 C. J., Sec. 28, pp. 710-714; Annotation 113 A. L. R. 376.

It seems immaterial to us that the legislature has enacted specific statutes of limitation as to real and personal property taxes or whether an income tax is a tax on real or personal property. The fact that the legislature once gave the state immunity from the general statutes as to delinquent real property taxes is as cogent as an indication that the legislature thought the general statutes applicable, as the fact that the legislature by enacting specific statutes of limitation as to real and personal property taxes intended that the general statutes should not apply. The income tax law levies a percentage tax "on net income." Mo. R. S. A., Sec. 11343; 1 Cooley, Taxation, Sec. 49. The income tax law fixes the time when the tax becomes delinquent and says that when the tax is due "suit shall be instituted in any court of competent jurisdiction . . . in the name of the State, to recover such tax and enforce the lien therefor, and service may be had on both residents and non-residents in the same manner as provided by law in civil actions." Mo. R. S. A., Sec. 11367. Our Section 1040 depriving the state of its immunity from the operation of the statutes of limitation was copied almost verbatim from the original Field Code. See report of Loomis, Graham & Field, Laws N. Y. 1849, p. 336. It said: "The limitations prescribed in this article, shall apply to actions brought in the name of this State, or for its benefit, in the same manner as to actions by private parties." Laws Mo. 1848-1849, p. 75, Sec. 10; Laws Mo. 1857, p. 78, Sec. 9. There can be no question, it seems to us, under this statute and the income tax law but that this litigation is a civil "action" or a "suit." The income tax, regardless of the kind of a tax it is, is to be recovered by "suit," with service of process, in any court of competent jurisdiction "in the same manner as provided by law in civil actions." And,

"suits" or "actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity." 1 C. J., Sec. 134, p. 1011. We even think it unnecessary to say whether a suit to collect income taxes is an "action upon a liability created by a statute" within the meaning of Section 1014 of the statute of ▮▮▮▮ limitations. But see County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512; Bristol v. Washington County, 177 U. S. 133, 44 L. Ed. 701, 20 S. Ct. 585 and Wasteney v. Schott, 58 Ohio St. 410, 51 N. E. 34. The income tax law certainly contemplated and provided that the tax should be recovered in *a civil suit or action* and our statute of limitations makes no exception in the case of "actions brought in the name of this State." State of Nevada v. Y. J. S. M. Co., 14 Nev. 220; Board of Com'rs. v. Story, 26 Mont. 517, 69 P. 56; City & County of San Francisco v. Luning, 73 Cal. 610; City & County of San Francisco v. Jones, 20 Fed. 188. This view has been applied to inheritance tax laws which provided that the inheritance tax should be enforced "in the manner prescribed in the chapter of the Code of Civil Procedure" relating to *civil actions*. Chambers v. Gallagher, 177 Cal. 704, 171 Pac. 931; In re Swan's Estate (Utah), 79 Pac. (2d) 999. And it has been applied to the income tax law of Oklahoma. Wootten v. Oklahoma Tax Commission, 170 Okla. 584, 40 Pac. (2d) 672.

Our statute destroying the state's immunity from statutes of limitation is not comparable to the original Minnesota act which provided that the limitations for the commencement of actions "shall apply to the *same actions* when brought in the name of the state . . . in the same manner as to actions brought by citizens," thus presenting the problem of whether the legislature meant by the *"same* actions" only those actions which an individual or private citizen could have prosecuted prior to the adoption of the code. See and compare 1856, R. S. Minn., p. 451, Sec. 12; Kelly, Limitations, pp. 36-39 and 1941 R. S. Minn., Sec. 541.01.

State v. Farmer's Trust Co. of Macon (Mo.), 31 S. W. (2d) 1069 and State ex rel. Wyatt v. Cantley, 325 Mo. 67, 26 S. W. (2d) 976 hold that the statutes relating to insolvent banks, and particularly Section 11716, R. S. 1919 which required claims against insolvent banks to be presented within four months, did not apply to claims by the state for taxes. But as those cases specifically point out, there was no provision in that special statute of limitation making it applicable to the state and so the state was not bound by it. In this case, as the state says, there is no statute of limitations in the income tax law. And the general statute of limitations specifically includes "actions brought in the name of this state" and if, as we hold, litigation to enforce the collection of the state's claims for income taxes is an

312

[redacted]

"*action*" or a "suit" it certainly falls within the plain provisions of the statute and is barred.

The judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.