Mark D. Pfeiffer, Judge
Mr. Michael E. Kohn and Ms. Catherine E. Kohn, husband and wife (collectively, "the Kohns"), appeal from the judgment of the Circuit Court of Cole County, Missouri ("trial court"), dismissing their petition for declaratory judgment against Mr. Joel W. Walters, Director of the Missouri Department of Revenue ("DOR"), for failure to state a claim upon which relief can be granted. We affirm.
Facts and Procedural History[1]
On February 13, 2005, the DOR assessed individual income taxes against the Kohns for tax year 2001 in the amount of $69,134.00, with additions to tax of $17,283.50, accrued interest of $41,565.66, and filing fees of $4.50. On June 24, 2011, the DOR filed with the Circuit Clerk of St. Louis County a Certificate of Tax Lien dated July 11, 2011.
By letter dated April 17, 2017, the Kohns asserted that the lien was recorded improvidently because it was filed more than six years after the assessment had become final, and they requested that the Director withdraw, satisfy, or otherwise remove the Certificate of Tax Lien. The DOR, by letter from DOR counsel dated May 18, 2017, denied the Kohns' request to expunge the Certificate of Tax Lien.
On September 28, 2017, the Kohns filed a petition for declaratory judgment in their favor and against Director Walters and the DOR, requesting that the trial court declare that collection of the taxes pursuant to the Certificate of Tax Lien was barred by the statute of limitations, § 516.120(2),[2] and that the trial court direct the Director on behalf of the DOR to file a satisfaction of judgment with the circuit court. The DOR moved to dismiss the Kohns' petition, arguing that "[u]pon receiving their Notice of Deficiency for the 2001 tax year, Plaintiffs failed to utilize the administrative processes in place to appeal such matters," and that "the statute of *719 limitations is not applicable" to the filing of a tax lien. The trial court dismissed the Kohns' petition for failure to state a claim upon which relief can be granted, finding as a matter of law that section 516.120(2) was not applicable to section 143.902.1 because statutes of limitation govern causes of action, and the filing of a tax lien is not a cause of action.
The Kohns timely appealed.[3]
Standard of Review
"We review the trial court's grant of a motion to dismiss de novo. " DeFoe v. Am. Family Mut. Ins. Co. , 526 S.W.3d 236, 239 (Mo. App. W.D. 2017) (internal quotation marks omitted). "A motion seeking dismissal of a petition for failure to state a claim upon which relief can be granted 'is solely a test of the adequacy of a plaintiff's petition.' " Williston v. Vasterling , 536 S.W.3d 321, 330 (Mo. App. W.D. 2017) (quoting Smith v. Humane Soc'y , 519 S.W.3d 789, 797 (Mo. banc 2017) ). "We will affirm the trial court's dismissal of a petition if it can be sustained on any ground alleged in the motion." Id.
Analysis
In the Kohns' sole point on appeal, they assert that the trial court misinterpreted the statutory language of section 143.902 in finding as a matter of law that section 516.120(2) was not applicable to section 143.902.1.[4] The Kohns allege that section 143.902 is ambiguous and should have been strictly construed in their favor and against the DOR. The DOR responds that the section 516.120(2) five-year statute of limitations does not apply to tax liens filed pursuant to section 143.902 because tax liens are not causes of action. Resolution of the Kohns' claim requires this court to examine the language used in the statutes.
"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." State ex rel. Unnerstall v. Berkemeyer , 298 S.W.3d 513, 519 (Mo. banc 2009) (internal quotation marks omitted). If the statutory language is unambiguous, this court "must give effect to the legislature's chosen language." State ex rel. Young v. Wood , 254 S.W.3d 871, 873 (Mo. banc 2008). Only where the language is ambiguous will we resort to other rules of statutory construction. Goerlitz v. City of Maryville , 333 S.W.3d 450, 455 (Mo. banc 2011).
*720 The Kohns argue that the statute of limitations in section 516.120(2) should apply to section 143.902 tax liens. Section 516.120(2) provides that "[a]n action upon a liability created by a statute other than a penalty or forfeiture" must be filed "[w]ithin five years." (Emphasis added.)
Pursuant to section 143.011.1, "[a] tax is hereby imposed for every taxable year on the Missouri taxable income of every resident." The director of revenue has the obligation to collect the tax imposed by section 143.011. § 143.861.1. If any assessment of tax, interest, additions to tax, or penalty has been made and has become final:
[T]he director of revenue may file for record in the recorder's office of any county in which the taxpayer owing such tax, interest, additions to tax or penalty resides, owns property or has a place of business, a certificate of lien specifying the amount of the tax, interest, additions to tax or penalty due and the name of the taxpayer liable for the same.
§ 143.902.1. The tax lien arises on the date the assessment becomes final. § 143.902.1(1). The tax lien "attach[ed] to real or personal property or interest in real or personal property owned by the taxpayer or acquired in any manner by the taxpayer after the filing of the certificate of the lien[,] ... expire[s] ten years after the certificate of lien was filed" with the recorder's office. Id. The Director can re-file a tax lien with the recorder within that ten-year period, extending the lien for another ten years. Id.
In addition to placing a lien on the delinquent taxpayer's real or personal property:
[T]he director may file for record in the office of the clerk of the circuit court of any county in which the taxpayer resides, or has a place of business, or owns property, the certificate of lien specifying the amount of the tax, interest, additions to tax and penalties due and the name of the liable taxpayer. The clerk of the circuit court shall file such certificate and enter it in the record of the circuit court for judgments and decrees under the procedure prescribed for filing transcripts of judgments.... From the time of the filing of the certificate of lien or certificate of delinquency with the clerk of the circuit court, the amount of the tax, interest, additions to tax and penalties specified therein shall have the full force and effect of a default judgment of the circuit court until satisfied. Execution shall issue at the request of the director of revenue or his agent as is provided in the case of other judgments.
§ 143.902.1(2). "[T]he lien-judgment remedy contemplated in section 143.902.1(2) is not the exclusive method of pursuing a tax debt." Stoner v. Dir. of Revenue , 358 S.W.3d 514, 520 (Mo. App. W.D. 2011). The income tax enforcement provisions under section 143.902.1 "are cumulative and in addition to other collection methods given the director of revenue," and "[n]o action taken shall be construed as an election on the part of the state or any of its officers to pursue any remedy or action hereunder to the exclusion of any other remedy or action for which provision is made." § 143.902.1(3).
The Kohns allege that the trial court's construction of section 143.902 rendered other sections of the statute meaningless, specifically the collection procedure in section 143.861.3. Upon the director of revenue's certification to the attorney general of the name of the person from whom the tax is due, a civil collection action is instituted:
Suit shall be instituted in any court of competent jurisdiction by the attorney general, or by the prosecuting attorney of the county at the direction of the attorney general, in the name of the *721 state, to recover such tax and enforce the lien therefor in the same manner as provided by law in civil actions.
§ 143.861.3. Under this collection method, "[t]he income tax, regardless of the kind of a tax it is, is to be recovered by 'suit,' with service of process, in any court of competent jurisdiction 'in the same manner as provided by law in civil actions.' " State v. Dalton , 353 Mo. 307, 182 S.W.2d 311, 312 (Mo. 1944). "And, 'suits' or 'actions' include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity." Id. (citation omitted). The lien-judgment enforcement procedure in section 143.902.1(2) is cumulative to but distinct from the civil collection procedure in section 143.861.3. Under section 143.861.3, the attorney general institutes a civil action to recover the tax and enforce the lien therefor. Section 143.861.3 collection actions are to be prosecuted "in the same manner as provided by law in civil actions,"[5] which "means that the general statute of limitations governing civil actions govern[s] this tax collection lawsuit and that [section] 516.120(2) governing '[a]n action upon a liability created by a statute other than a penalty or a forfeiture' places a deadline of five years on the state's filing its lawsuit." State ex rel. Lohman v. Black , 980 S.W.2d 41, 42-43 (Mo. App. W.D. 1998). See also Dalton , 182 S.W.2d at 313 ("[L]itigation to enforce the collection of the state's claims for income taxes is an 'action' or a 'suit' " governed by the general five-year statute of limitations.).
The Kohns urge us to construe section 143.902 as an additional method available to the DOR to collect assessed but unpaid individual Missouri income taxes within the context of section 143.861 ; that is, the DOR must choose whether to pursue the lien-judgment remedy within the same time frame as the decision to certify the matter to the attorney general for institution of a collection suit. We decline their invitation. We find that the language of section 143.902.1(2) is clear and direct: the certificate of lien filed in the circuit court has "the full force and effect of a default judgment of the circuit court until satisfied."[6] But the filing of a certificate of tax lien with the circuit court clerk is not a civil "action" subject to the statute of limitations in section 516.120(2).
Finally, the Kohns contend that the trial court's construction of section 143.902 "produce[d] an absurd or illogical result," violating the constitutional provisions regarding separation of powers[7] and the Kohns' right to due process before the taking of their property.
In Henry v. Manzella , 356 Mo. 305, 201 S.W.2d 457 (Mo. banc 1947), the *722 Missouri Supreme Court addressed both due process and separation of powers challenges to the statutory procedure for collecting unemployment compensation contributions. Id. at 458-59. In considering the constitutional objections to the procedure, the court bore in mind that the statutes "were enacted for the purpose of assessing and collecting a tax levied by the state under its sovereign power":
Statutes for levying taxes and providing the means of enforcement are within the unquestioned power of the legislature. Summary remedies have been allowed for the collection of its revenues by the government. The method of recovering delinquent taxes is wholly statutory, and where no constitutional provision is violated[,] the legislature has the power to choose its own method of collection.
Id. at 459.
For enforcement purposes, the legislature has provided that the certificate of tax lien has "the full force and effect of a default judgment of the circuit court until satisfied." § 143.902.1(2). In determining whether similar "force and effect" language in the unemployment compensation statute constituted an unlawful grant of judicial power to the Unemployment Compensation Commission, the Manzella court held that a statutory provision that allowed an administrative order of assessment, upon filing in the circuit court, to be treated as a final judgment of the circuit court, did not authorize administrative entry of a circuit court judgment or constitute the unlawful grant of judicial power. 201 S.W.2d at 460. The court reasoned that the provision merely authorized judicial enforcement of the order and that "[s]uch bare authority calls for no exercise of judicial power." Id. See also Div. of Emp't Sec. v. Cusumano , 809 S.W.2d 113, 115 (Mo. App. E.D. 1991) ("The fact that the [Division of Employment Security's] certificate [of assessment] filed with the circuit court has 'the force and effect of a judgment of the circuit court' is of no moment. This provision merely authorizes the Division to enforce its collection of the tax assessment. 'Such bare authority calls for no exercise of judicial power....' " (quoting Manzella , 201 S.W.2d at 460 )).
In another context, in State ex rel. Hilburn v. Staeden , 91 S.W.3d 607 (Mo. banc 2002), the court opined that:
the "force and effect" language contained in section 454.490 need not be construed as authorizing the entry of a court judgment by an administrative agency. Although respondent Hilburn correctly asserts that by endowing an administrative order with the "force, effect and attributes of a docketed order or decree of the circuit court," the legislature has effectively engrafted characteristics of a circuit court judgment upon a decision of the executive branch, there is no change in the fundamental nature of the administrative decision. To be sure, the administrative order derives the qualities of a circuit court judgment, but it does so only to the extent necessary to permit its enforcement by the court.
Id. at 610. "[A]dministrative bodies may exercise judicial functions that are 'incidental and necessary to the proper discharge' of their administrative duties." Id. (internal quotation marks omitted). "At the least, the establishment of a means of ensuring compliance with [the payment of income taxes] is incidental to the proper discharge of the [DOR's] duty" to enforce Missouri's income taxes and laws. Id. Section 143.902 "merely provides an enforcement mechanism"; it does not, as the Kohns contend, transform a certificate of tax lien into a circuit court judgment. Id.
*723 Neither does the filing of the certificate of tax lien violate due process. The Manzella court explained that:
The test to determine whether a taxing statute denies due process is whether a hearing has been provided for at some stage before the proceedings become final. If a taxpayer be given an opportunity to test the validity of the tax at any time before it is made final, whether the proceedings for review take place before a board having a quasi-judicial character, or before a tribunal provided by the state for the purpose of determining such questions, due process of law is not denied.
201 S.W.2d at 460 (citation omitted) (internal quotation marks omitted). Under the income tax statutes, "[i]f the director of revenue finds that the amount of tax shown on [a taxpayer's income tax] return is less than the correct amount, he shall notify the taxpayer of the amount of the deficiency proposed to be assessed." § 143.611.1. The director mails the notice of deficiency by certified or registered mail to the taxpayer at his last known address. § 143.611.3. Sixty days after the date it was mailed, the notice of deficiency constitutes a final assessment of the amount of tax specified together with interest, additions to tax, and penalties, § 143.621, except as to such amounts as to which the taxpayer has filed a timely written protest with the director of revenue, § 143.631.1. The taxpayer may request an informal hearing with the director to discuss the merits of the proposed assessment. § 143.631.2. The taxpayer may seek review by the administrative hearing commission of the director's determination after protest. § 143.651; § 621.050. The taxpayer can file in the court of appeals a petition for review of the final decision of the administrative hearing commission. § 621.189. The statutory procedure for assessing and collecting income tax preserves a taxpayer's right to due process, providing notice and an opportunity to be heard. Here, there is no dispute that whatever administrative appellate rights were asserted by the Kohns, that administrative process has concluded and it resulted in the subject Certificate of Tax Lien.
The trial court did not err in granting the DOR's motion to dismiss on the grounds that the Kohns' declaratory judgment petition failed to state a claim upon which relief could be granted because the statute of limitations in section 516.120(2) is not applicable to section 143.902.2.
Point denied.
Conclusion
The trial court's judgment is affirmed.
Alok Ahuja, Presiding Judge, and Thomas H. Newton, Judge, concur.

"Our review of the trial court's grant of a motion to dismiss a petition for failure to state a claim requires us to treat the facts contained in the petition as true and construe them liberally in favor of the plaintiff." Williston v. Vasterling , 536 S.W.3d 321, 325 n.1 (Mo. App. W.D. 2017) (citing Ste. Genevieve Sch. Dist. R-II v. Bd. of Aldermen , 66 S.W.3d 6, 11 (Mo. banc 2002) ).

All statutory references are to the Revised Statutes of Missouri 2016.

The Kohns originally filed their appeal in the Missouri Supreme Court, where it was assigned No. SC96907. On July 3, 2018, the Supreme Court transferred the case to this Court pursuant to Article V, section 11 of the Missouri Constitution, stating in the transfer order that this Court is the court "where jurisdiction is vested."

The Kohns also raise a new argument relating to section 143.951 for the first time in their reply brief. "[A] reply brief is to be used only to reply to arguments raised by respondents, not to raise new arguments on appeal." Jefferson City Apothecary, LLC v. Mo. Bd. of Pharmacy , 499 S.W.3d 321, 326 n.3 (Mo. App. W.D. 2016) (internal quotation marks omitted). "[W]e do not review an assignment of error made for the first time in the reply brief." Id. (internal quotation marks omitted). "Appellants' argument is not preserved for our review, as it is not within the scope of any of their points on appeal, Riggs v. State Dep't of Soc. Servs. , 473 S.W.3d 177, 186 n.18 (Mo. App. W.D. 2015), and was raised for the first time in Appellants' Reply Brief. Salvation Army, Kansas v. Bank of Am. , 435 S.W.3d 661, 670 (Mo. App. W.D. 2014) (holding that arguments raised for the first time in a reply brief will not be entertained)." Med. Plaza One, LLC v. Davis , 552 S.W.3d 143, 158 n.9 (Mo. App. W.D. 2018).

The attorney general (or prosecuting attorney) institutes a suit "in the name of the state," § 143.861.3, which civil action "is commenced by filing a petition with the court," Rule 53.01.

Although a judgment does not expire, there is a time limitation on its enforcement. "Executions may issue upon a judgment at any time within ten years after the rendition of such judgment." § 513.020. Judgments are "presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof." § 516.350.1.

Article 2, section 1 of the Missouri Constitution provides:
The powers of government shall be divided into three distinct departments-the legislative, executive and judicial-each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.