Albert H. CARTER, Appellant,

v.

Parvin ROMINES, Marion Thomas and Clerk of the Circuit Court of Crittenden County, Arkansas, Appellees.

No. 78–1860.

United States Court of Appeals, Eighth Circuit.

Submitted March 5, 1979.

Decided March 12, 1979.

Albert H. Carter, pro se.

No briefs or appearances for appellees.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Albert H. Carter, proceeding *pro se,* appeals from the district court's denial of his motion for relief from judgment under Fed. R.Civ.P. 60(b). We affirm.

This action is before us for the second time. In his complaint, filed on December 30, 1976, Carter sought to recover damages for an alleged violation of another person's civil rights. Carter claimed that the alleged victim, Robert Lee Swanson, had assigned to him Swanson's entire interest in the cause of action. The district court dismissed the complaint on the grounds that Carter lacked standing and that his action was time-barred. Carter appealed, and, on August 19, 1977, we affirmed the dismissal for lack of standing. *Carter v. Romines,* 560 F.2d 395 (8th Cir. 1977) (*per curiam*). Applying federal law, we held that Carter did not possess standing "through an assigned economic interest" in this action to vindicate the civil rights of another, as "[c]ivil rights damages may not be bought and sold in the market place[.]" *Id.* at 396 n.1. The Supreme Court denied certiorari on June 5, 1978. *Carter v. Romines,* 436 U.S. 948, 98 S.Ct. 2854, 56 L.Ed.2d 791 (1978).

Carter sought relief from the judgment of dismissal in a motion under Fed.R.Civ.P. 60(b) filed in the district court on October 30, 1978. He contended that the Supreme Court's decision in *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), issued on May 31, 1978, in which the Court held that state law governs the survivability of a federal civil rights action, establishes that we erred previously in ruling that the assignability of such an action is governed by federal law. On November 16, 1978, the district court denied the motion on the grounds that Rule 60(b) does not allow reargument of issues already resolved

by the district and appellate courts and that, in any event, Carter's motion was untimely.

 On Carter's present appeal from the denial of his Rule 60(b) motion, we may review the district court's ruling only for abuse of discretion. *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Lang v. Wyrick,* 590 F.2d 257, at 259 (8th Cir. 1978).

No abuse of discretion exists here. Our affirmance of the district court's dismissal of Carter's complaint, coupled with the Supreme Court's denial of certiorari, barred Carter from returning to the district court to reargue the issues resolved against him. *Hartman v. Lauchli,* 304 F.2d 431, 432 (8th Cir. 1962). That rule is unaffected even if, as Carter asserts, a change in the law occurred after the judgment was affirmed on appeal. *Collins v. City of Wichita,* 254 F.2d 837, 839 (10th Cir. 1958).

Accordingly, we affirm.[1]

---

1. We note that the Supreme Court denied Carter's petition for certiorari on his initial appeal in this case five days *after* it decided *Robertson v. Wegmann, supra,* the decision upon which Carter relies in seeking relief from judgment. In any event, we do not read *Robertson* as requiring either a reversal here or a result in a similar case different from that reached in our initial decision in this case.