# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1880

_____

Kansas Public  Employees Retirement
System,

        Plaintiff - Appellant

       v.

Reimer & Koger Associates, a Kansas
Corporation; Ronald Reimer, an
individual; Kenneth H. Koger, an
individual; Clifford W. Shinski, an
individual; Brent Messick, an
individual; Robert Crew, an individual,

        Defendants - Appellees

Sherman Dreiseszun, an individual;
I. I. Ozar, an individual; Frank Sebree,
an individual; Michael K. Russell; an
individual; Gage & Tucker, a Law
Partnership; Peat, Marwick, Mitchell
& Co., an accountancy firm; KPMG
Peat Marwick, an accountancy firm;
Robert Spence, an individual; Marilyn
J., Co-Executor of the Estate of Frank
S. Morgan,

    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *   Appeals from the United States
    *   District Court for the Western
    *   District of Missouri.
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *

Defendants.                          *

_____

No. 97-2811

_____

Kansas Public Employees Retirement          *
System;                                      *
                                             *
            Plaintiff - Appellant,           *
                                             *
Robert Crew, an individual,                  *
                                             *
            Plaintiff                        *
                                             *
      v.                                     *
                                             *
Reimer & Koger Associates; Ronald            *
Reimer, an individual; Kenneth H.            *
Koger, an individual; Clifford W.            *
Shinski, an individual; Brent Messick,       *
an individual; Sherman Dreiseszun, an        *
individual; I. I. Ozar, an individual;       *
Frank Sebree, an individual; Michael         *
K. Russell, an individual; Gage &            *
Tucker, a law partnership; Peat,             *
Marwick, Mitchell & Co., an                  *
accountancy firm,                            *
                                             *
            Defendants                       *
                                             *
KPMG Peat Marwick, an accountancy            *
firm; Robert Spence, an individual;          *
                                             *
            Defendants - Appellees           *
                                             *
Thomas S. Morgan, co-executor of the         *

-2-

estate of Frank S. Morgan; Marilyn J.,    *
Co-Executor of the Estate of Frank S.     *
Morgan,                                    *
                                           *
        Defendants.                        *

                        _____

                Submitted:  January 13, 1998
                  Filed:  January 14, 1999
                        _____

Before BOWMAN,[1] Chief Judge, McMILLIAN, and JOHN R. GIBSON, Circuit
      Judges.

                        _____

JOHN R. GIBSON, Circuit Judge.

        Kansas Public Employees Retirement System appeals from orders of the district
court awarding attorneys fees and costs against it under 28 U.S.C. § 1927 (1994).
KPERS points out that the awards were entered against KPERS itself, whereas the
statute authorizes awards against KPERS's attorneys.   KPERS argues that the fees and
costs were not justified, as it did not act unreasonably or in bad faith.  KPERS also
contends that the award in favor of Peat Marwick is excessive.  We affirm the orders
of the district court as modified.

        The litigation brought by KPERS against Reimer and Koger Associates, Inc., and
KPMG Peat Marwick, as well as numerous other parties, is now before this court for
the eighth time.[2]  The controversy before us follows our decision in KPERS v. Reimer

_____

        [1]The Honorable Pasco M. Bowman became Chief Judge of the United States
Court of Appeals for the Eighth Circuit on April 18, 1998.

        [2]Earlier cases were:  Kansas Public Employees Retirement System v. Reimer &
Koger Assoc., Inc., 4 F.3d 614 (8th Cir. 1993) (KPERS I), cert. denied, 511 U.S. 1126
(1994); Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc.,

& Koger Associates, Inc., 61 F.3d 608 (8th Cir. 1995) (KPERS III), cert. denied, 516 U.S. 1114 (1996), in which we held that the Kansas two-year statute of limitations should be applied, rather than the ten-year statute created by the Kansas legislature expressly for actions against KPERS.  61 F.3d at 614-15.  Shortly after our opinion, KPERS filed a state court suit in Shawnee County, Kansas against Reimer and Koger, Michael Russell, and Shook Hardy, alleging the same claims and damages asserted in this litigation, and also brought suit against Peat Marwick in the same venue.  In addition, it filed a third motion to remand this case to Shawnee County, Kansas.  The district court issued four preliminary injunctions on September 29, 1995, prohibiting KPERS from filing or pursuing additional suits arising out of the Home Savings investments against these parties.  We affirmed this order in KPERS v. Reimer & Koger, 77 F.3d 1063, 1070 (8th Cir.) (KPERS  IV), cert. denied, 117 S. Ct. 359 (1996).

In connection with their applications for preliminary injunction, the Reimer and Koger defendants and the Peat Marwick defendants moved, pursuant to 28 U.S.C. § 1927, for an award of the attorneys' fees and costs they incurred in seeking the injunction.  The sanctions were specifically sought against KPERS's counsel.  While KPERS filed suggestions in opposition to the preliminary injunction, it made no response to the request for the section 1927 sanctions.

---

60 F.3d 1304 (8th Cir.1995) (KPERS II); Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc., 61 F.3d 608 (8th Cir. 1995) (KPERS III), cert. denied, 516 U.S. 1114 (1996); Kansas Public Employees Retirement System v. Reimer & Koger Assoc., Inc., 77 F.3d 1063 (8th Cir.)(KPERS IV), cert. denied, 117 S. Ct. 359 (1996); In re Kansas Public Employees Retirement System, 85 F.3d 1353 (8th Cir. 1996) (KPERS V); Kansas Public Employees Retirement System v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C., 114 F.3d 679 (8th Cir. 1997) (KPERS VI), cert. denied, 118 S. Ct. 738 (1998); and Kansas Public Employees Retirement System v. Russell, 140 F.3d 748 (8th Cir.1998) (KPERS VII).

The district court granted the injunction, but reserved the fee request issue.

After our opinion in KPERS IV upholding the preliminary injunction, the district court granted the Reimer & Koger defendants' motion for section 1927 fees and costs. In doing so, the district court stated:

> KPERS acted with objectively unreasonable behavior and bad faith when it brought suit against the Reimer & Koger defendants on August 25, 1995, in Kansas state court. The claims asserted against the Reimer & Koger defendants in the Kansas case were substantially identical to the claims KPERS asserted against those defendants in this case. The Kansas case was brought only one month after KPERS received the adverse ruling on the statute of limitations issue from the Court of Appeals which was four years after KPERS first brought suit against the Reimer & Koger defendants in this case. The timing of the filing of the Kansas case was not coincidental. KPERS admitted in briefs submitted to this court and in a statement to the media that it brought the Kansas case in an effort to obtain a favorable decision in the Kansas courts on the statute of limitations issue. See KPERS v. Reimer & Koger, 77 F.3d at 1066.
>
> Furthermore, by filing the Kansas case, KPERS unreasonably and vexatiously delayed the processing of this case. Filing the Kansas case distracted both the other parties in this case and the court from our efforts to resolve the issues in this case in an efficient and expeditious manner. In addition, by filing a parallel suit in Kansas state court, KPERS multiplied the proceedings for the Reimer & Koger defendants thereby unreasonably increasing the expense of the defense of this case.

Order of Aug. 2, 1996, slip. op. at 3-4. The court did not set the amount of the fee award, but instead outlined the procedure under which the parties should attempt to agree on the proper amount. The court did not rule on the Peat Marwick defendants' fee request.

A week after the award of fees to the Reimer & Koger defendants, the Peat Marwick defendants renewed their motion for an award of fees. KPERS asked for the opportunity to address the court on the issue of the fees awards, and on September 23, 1996, filed a brief opposing the award of section 1927 fees to the Reimer & Koger defendants. The court entered an order asking the defendants to show cause why the fee award in the Reimer & Koger defendants' favor should not be withdrawn. The Reimer & Koger defendants and the Peat Marwick defendants responded, but KPERS did not. The court then entered an order on February 27, 1997, awarding the Reimer & Koger defendants fees in the $10,964.65 amount stipulated by the parties and holding that the Peat Marwick defendants were also entitled to fees. The court ordered the parties to attempt to agree on an amount for the Peat Marwick defendants' fees, but the parties did not so agree.

On March 10, 1997, KPERS moved to reconsider the award of fees to the Peat Marwick defendants, relying on Fed. R. Civ. P. 59 and 60. The court then denied the Rule 59 and 60 motion. On May 15, 1991, the court awarded the Peat Marwick defendants fees and expenses in the amount of $25,014.15.

KPERS's arguments need not detain us long. The first has merit. KPERS points out that the awards were erroneously entered against KPERS itself, whereas section 1927 only authorizes an award against KPERS's counsel. The defendants sought the award against KPERS's counsel, as authorized by section 1927. In this respect the district court erred, but we have authority to modify the order to eliminate this error. Under 28 U.S.C. § 2106 (1994) we may modify any order brought before us, which we have done in the past. See Lindquist & Vennum v. FDIC, 103 F.3d 1409, 1421 (8th Cir.), cert. denied, 118 S. Ct. 77 (1997).

We reject KPERS's arguments that the attorneys' fees and costs were not justified on the facts, and that its acts were not objectively unreasonable or in bad faith. KPERS waived its opportunity to oppose the Reimer & Koger defendants' section 1927

motion, and the arguments that it attempts to assert here have not been preserved, as they were not presented to the district court until after it had ruled that the Reimer & Koger defendants were entitled to the fees. Following the entry of the district court's order awarding fees to the Reimer & Koger defendants, KPERS did not move within ten days pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment, nor did it seek relief under Fed. R. Civ. P. 60(b). Seventeen days after the entry of the order, KPERS wrote a letter to the district court seeking the opportunity to brief the appropriateness of the award. The district court stated that KPERS's letter was not a motion in conformity with Rule 7 and Rule 10 of the Federal Rules of Civil Procedure. KPERS thereafter submitted what the district court characterized as an unsolicited brief; the court stated that the brief did not contain any persuasive argument for disturbing the August 2 order. We therefore conclude that KPERS waived its objections to the Reimer & Koger award.

At any rate, we review the district court's orders only for abuse of discretion. Gundacker v. Unisys Corp., 151 F.3d 842, 849 (8th Cir. 1998), pet'n for cert. filed, No. 98-763 (Nov. 5, 1998). KPERS has not established that the district court clearly erred in the factual recitations supporting the awards of costs and fees under section 1927, nor that there was an abuse of discretion in concluding that KPERS acted unreasonably and in bad faith.

As for the amount of the award, while it is true that the fees and costs awarded to Peat Marwick were based on Chicago hourly rates which were higher than the rates of Kansas City counsel, we cannot conclude that the district court erred or abused its discretion in awarding the fee. It is relevant that KPERS also found it desirable to retain Chicago counsel. See Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 141 n.7 (8th Cir. 1982). It is also significant that the district court awarded to Peat Marwick fees and costs in the amount of $25,014.15, while it had actually paid its counsel $26,292.50. The district court gave careful study to the application for fees, as is evident from its order, and did not err in this respect.

Accordingly, we modify the district court's orders to provide, in accordance with 28 U.S.C. § 1927, that the award of costs and fees be against KPERS's counsel of record in this case rather than against KPERS itself. In all other respects, the orders of the district court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.