# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 98-3528
_____

Kansas Public Employees Retirement, &ast;
System, &ast;
&ast;
&ast;
    Plaintiff - Appellant, &ast;
&ast;
    v. &ast;
&ast;
Reimer & Koger Associates, Inc., a, &ast;
Kansas Corporation; Ronald Reimer, an &ast;
individual; Kenneth H. Koger, an &ast;
individual; Clifford W. Shinski, an &ast;
individual; Brent Messick, an individual; &ast;
Robert Crew, an individual; Sherman &ast;   Appeal from the United States
Dreiseszun, an individual; I. I. Ozar, an &ast;   District Court for the Western
individual; Frank Sebree, an individual; &ast;   District of Missouri.
&ast;
    Defendants - Appellees, &ast;
&ast;
Michael K. Russell, an individual, &ast;
&ast;
    Defendant, &ast;
&ast;
Gage & Tucker, a law partnership; Peat, &ast;
Marwick, Mitchell & Co., an &ast;
accountancy firm; KPMG Peat &ast;
Marwick, an accountancy firm; Robert &ast;
Spence, an individual; Thomas S. &ast;
Morgan, co-executor of the estate of &ast;
Frank S. Morgan; Marilyn J., &ast;
Co-Executor of the Estate of Frank &ast;

Morgan,                                          *
                                                 *
    Defendants - Appellees,                      *
                                                 *
C. Patrick McLarney, substituted for             *
Shook Hardy law firm,                            *
                                                 *
    Intervenor Defendant - Appellee.             *


--------------------------------------------------

Kansas Public Employees Retirement              *
System,                                          *
                                                 *
    Plaintiff - Appellant                        *
                                                 *
    v.                                           *
                                                 *
Blackwell, Sanders, Peper, Martin,               *
L.L.P.; William H. Sanders, Sr.,                 *
individually and as the representative of        *
a defendant class,                               *
                                                 *
    Defendants - Appellees.                      *


_____

Submitted:  May 11, 1999

Filed:   October 5, 1999
_____

Before McMILLIAN, BOWMAN, and JOHN R. GIBSON, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

-2-

Kansas Public Employees Retirement System appeals the district court's[1] denial of its motion for relief from final judgment under Fed.R.Civ.P. 60(b). In the underlying case, summary judgment was entered against KPERS in favor of all the defendants in this case (except Michael Russell) on the ground that KPERS's claims were barred by the applicable Kansas statutes of limitations. KPERS v. Blackwell, Sanders, Matheny, Weary & Lombardi, 114 F.3d 679 (8th Cir. 1997)(KPERS VI), cert. denied, 118 S.Ct. 738 (1998), leave to file for rehearing denied, 118 S. Ct. 1834 (1998). Shortly after our decision in KPERS VI affirming the summary judgment, the Kansas Supreme Court decided KPERS v. Reimer & Koger Assoc., Inc., 941 P.2d 1321, 1343 (Kan. 1997), disapproving of our interpretations of Kansas law that led to the summary judgment against KPERS. KPERS received the benefit of this change in state law in KPERS v. Russell, 140 F.3d 748 (8th Cir. 1998) (KPERS VII), which held that Michael Russell was not entitled to summary judgment under the statute of limitations defense. KPERS moved to reopen the case under Rule 60(b) in light of the change in Kansas law. The district court denied KPERS's motion and we affirm.

KPERS initially filed this action in state court in Kansas against its investment advisors to recoup KPERS's investment of some $65 million in debentures of Home Savings Association, a thrift that failed. When KPERS joined as defendants certain former directors of Home Savings, the directors impleaded the Resolution Trust Corporation, receiver of Home Savings. Acting under 12 U.S.C. § 1441a(l)(3), the RTC removed the case to the Western District of Missouri, which resulted in the application of Missouri, rather than Kansas, limitations law. KPERS v. Reimer & Koger, Inc., 61 F.3d 608, 614 (8th Cir. 1995) (KPERS III), cert. denied, 516 U.S. 1114 (1996). Under Missouri's borrowing statute, the Kansas statute of limitations would apply if it were shorter than the five-year Missouri statute. Id. We concluded that under Kansas law the Kansas ten-year statute for actions by KPERS would not apply

---

[1]The Honorable D. Brook Bartlett, Chief Judge for the United States District Court for the Western District of Missouri.

retroactively to revive a barred claim. Id. at 615. In KPERS VI we rejected the argument that KPERS's investment activities were a governmental function so that claims based on those activities were not subject to a statute of limitations, and we decided that the Kansas two- and three-year statutes of limitations barred KPERS's claims. 114 F.3d at 687-88.

While KPERS VI was under submission, the Kansas courts were entertaining an appeal by KPERS in another case, concerning which, if any, Kansas statute of limitations applied to claims arising out of KPERS's investments. KPERS asked this Court to certify the statute of limitations question to the Kansas Supreme Court, see KPERS VI, 114 F.3d at 688 n.11, but we declined to do so and we issued our KPERS VI opinion on May 13, 1997. We denied rehearing on June 12, 1997, and our mandate issued on June 20, 1997.

A week after our mandate issued, on June 27, 1997, the Kansas Supreme Court decided its KPERS case, holding that, contrary to our rulings, KPERS's investment activities were governmental in nature, and therefore no statute of limitations applied to them until the Kansas ten-year statute was enacted. 941 P.2d at 1343.

On July 17, 1997, KPERS filed a motion in this Court for leave to file a second rehearing petition in KPERS VI or, in the alternative, for us to recall our mandate in light of the Kansas decision. We denied the motion. On September 10, 1997, KPERS filed a petition for a writ of certiorari, arguing that the case should be remanded in light of the Kansas decision. The Supreme Court denied certiorari on January 12, 1998. KPERS v. Blackwell, Sanders, Matheny, Weary & Lombardi, 118 S. Ct. 738 (1998).

In the meantime, the one remaining defendant in this case, Michael Russell, who was unrepresented by counsel, obtained summary judgment in the district court on the ground that KPERS's claim was time-barred. KPERS appealed that judgment, and we decided the appeal after the Kansas decision. Russell filed no brief in the appeal.

-4-

Because we were obliged to follow Kansas law on the statute of limitations issue, we reversed the judgment in favor of Russell in light of the new Kansas decision.  KPERS VII, 140 F.3d at 751.  We held that under the new decision the Kansas ten-year statute was the only statute of limitation applicable to KPERS's claim, and that the claim was therefore timely filed.  Id. at 752.

Our decision in KPERS VII was filed on March 30, 1998.  On May 21, 1998, KPERS filed the Rule 60(b) motion for relief from judgment at issue in this appeal.  The district court denied the motion on two independent grounds:  first, that KPERS had already presented the change in law argument to this Court on its motion for leave to file a second rehearing petition or to recall mandate, and we had denied the motion; and second, that KPERS had not presented exceptional circumstances warranting Rule 60(b)(6) relief.

We review the district court's Rule 60(b) rulings only for abuse of discretion.  Carter v. Romines, 593 F.2d 823, 824 (8th Cir. 1979).  Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances.  Cornell v. Nix, 119 F.3d 1329, 1332-33 (8th Cir. 1997).  Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance.  See, e.g., Carter, 593 F.2d at 824; Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 131 F.3d 625, 628 (7th Cir. 1997); Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 748 (5th Cir. 1995), cert. denied, 517 U.S. 1221 (1996); DeWeerth v. Baldinger, 38 F.3d 1266, 1272-74 (2d Cir.), cert. denied, 513 U.S. 1001 (1994); Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).  Society's powerful countervailing interest in the finality of judgments simply requires that each case have an end, though the law continues to evolve.  "[The common law could not safely develop if the latest evolution in doctrine became the standard for measuring previously resolved claims."  Biggins v. Hazen Paper Co., 111 F.3d 205, 212 (1st Cir.), cert. denied, 118 S.Ct. 373 (1997).  Moreover, there is nothing in the

Erie[2] doctrine that requires federal courts to sacrifice the finality of their judgments because state courts subsequently interpret state law differently than the federal courts have done. DeWeerth, 38 F.3d at 1272-74; Batts, 66 F.3d at 749-50; Cincinnati Ins. Co., 131 F.3d at 628-29. Therefore, even though the law has changed since judgment was entered against KPERS, KPERS must show some extraordinary circumstance in order to justify Rule 60(b) relief.

KPERS argues that several factors make this an extraordinary case. First, after KPERS VII, different rules of law will govern the same issue in the same case involving the same factual setting. See Pierce v. Cook & Co., 518 F.2d 720, 723 (10th Cir. 1975) (en banc), cert. denied, 423 U.S. 1079 (1976); McGeshick v. Choucair, 72 F.3d 62, 64-65 (7th Cir. 1995), cert. denied, 517 U.S. 1212 (1996). Second, KPERS did not choose to litigate in federal court with the attendant possibility of a misinterpretation of state law, but landed in federal court as a result of removal by a third party defendant. See Sargent v. Columbia Forest Prods., Inc., 75 F.3d 86, 90 (2d Cir. 1996) (recalling mandate of Court of Appeals). Third, before judgment was entered in this case, KPERS alerted the federal courts to the pendency of the issue in the Kansas courts and asked for certification of the question. See Sargent, 75 F.3d at 90. Fourth and fifth, the disposition of KPERS's case was not on the merits, and KPERS contends that the defendants would suffer no unfair prejudice from reopening the case. See MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755-56 (8th Cir. 1996).

While these factors have been considered relevant in other cases, they do not compel the conclusion that the district court abused its discretion in denying KPERS's motion. The district court alluded to KPERS's course of conduct during this litigation, stating: "Only passing familiarity with the history of this case in this court and in the appellate courts would convince any fair-minded person that the time has come for this

---

[2]Erie RR. Co. v. Tompkins, 304 U.S. 64 (1938).

court to echo the Eighth Circuit Court of Appeals– this case is over." Early in this case, KPERS obtained an ex parte severance from the Kansas state court in order to frustrate removal. KPERS v. Reimer & Koger Assoc., Inc., 4 F.3d 614 (8th Cir. 1993)(KPERS I), cert. denied, 511 U.S. 1126 (1994). KPERS later filed parallel state court actions which were meant to subvert federal removal jurisdiction, KPERS v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1070 (8th Cir. 1996) (KPERS IV), cert. denied, 519 U.S. 948 (1996). The district court held the filing of those cases to be objectively unreasonable and done in bad faith, and we affirmed. See KPERS v. Reimer & Koger Assoc., Inc., 165 F.3d 627, 629 (8th Cir. 1999) (KPERS VIII) (affirming award of attorney fees against KPERS for unreasonably and vexatiously multiplying proceedings). The district court may properly give weight to equitable considerations in exercising its discretion under Rule 60(b). MIF Realty, 92 F.3d at 755-56. Here, the district court did so and declined to reopen this case. We see no abuse of discretion in the district court's ruling.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]The discretion vested in the district court in ruling on Rule 60(b) motions distinguishes this case from Brenna v. Fed'l Cartridge Co., 183 F.2d 414 (8th Cir. 1950) (per curiam), in which this Court granted rehearing of one of its own decisions based on a change in the law.