# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3103

_____

|  |  |  |
|---|---|---|
| Jodi Michaelle Carlson, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Hyundai Motor Company; Hyundai | * | |
| Motor America, Inc., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: June 16, 2000

Filed: August 15, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jodi Michaelle Carlson was seriously injured in an April 1995 automobile accident. She commenced this action, alleging that a defective seat belt system and door frame caused her injury-enhancing ejection from a Hyundai Excel automobile when it left the road and rolled over. The district court concluded that Minnesota's "seat belt gag rule," codified in Minn. Stat. § 169.685, subd. 4, barred Carlson's claims. This court affirmed and later denied Carlson's petition for rehearing en banc. See Carlson v. Hyundai Motor Co., 164 F.3d 1160 (8th Cir. 1999). Our mandate

issued on March 15, 1999, and a certified copy of our mandate was filed in the district court as its final judgment on March 17, 1999.

One month later, the Minnesota Legislature amended § 169.685, subd. 4, to provide that it "does not affect the right of a person" to bring an action for damages based on a defective seat belt claim. The amendment was vetoed by the Governor of Minnesota, but the Legislature overrode his veto and the amendment became law on May 18, 1999. The amended statute provides that it "applies to actions pending on or commenced on or after the effective date." 1999 Minn. Laws ch. 106, § 2. Carlson then returned to the district court, filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate its final judgment on the basis of this new statute. The district court denied that motion because Carlson's action was neither pending on nor commenced on or after May 18, 1999. Carlson appeals. We affirm.

Carlson argues the case was "pending" on May 18, the effective date for the new statute, because her time to petition the United States Supreme Court for a writ of certiorari had not yet expired. We disagree. "Pending" means "awaiting decision." BLACK'S LAW DICTIONARY 1154 (7th ed. 1999). Carlson's case was not pending in this court because we issued our mandate ending the first appeal on March 15, 1999. "Issuance of the mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate . . . ." Johnson v. Bechtel Assoc. Prof. Corp., 801 F.2d 412, 415 (D.C. Cir. 1986); see United States v. Spector, 888 F.2d 583, 584 (8th Cir. 1989); 20A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 341.12[3] (3d ed. 2000). Her case was not pending in the district court because that court filed our mandate as its final judgment on March 17, signaling conclusion of proceedings. And her case was not pending in the Supreme Court because Carlson did not petition the Supreme Court for a writ of certiorari on or before May 18. (Indeed, Carlson never filed a timely certiorari petition, and on June 7, 1999, the Supreme Court rejected her untimely

application for an extension of time in which to file a certiorari petition.) Thus, on May 18, Carlson's case was not awaiting decision by any court.

In these circumstances, the district court did not abuse its discretion when it denied Carlson's motion for Rule 60(b) relief. See United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (standard of review), cert. denied, 484 U.S. 836 (1987). "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance" warranting Rule 60(b) relief from a final judgment. Kansas Public Employees Retirement Sys. v. Reimer & Koger Assoc., 194 F.3d 922, 925 (8th Cir. 1999), cert. denied, 120 S. Ct. 1268 (2000). Here, an exception to this general rule would not help Carlson -- the new Minnesota statute would not govern her claim because her action was not pending on the date of its enactment. Carlson argues on appeal that the new statute would apply because the effect of granting Rule 60(b) relief would be to commence a new action. But she cites no authority for that theory, and we conclude it is unsound.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.