# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3154

_____

Donald Felix Winnett,                             *
                                                  *
          Appellant,                              *
                                                  *
                                                  *   Appeal from the United States
     v.                                           *   District Court for the
                                                  *   Eastern District of Arkansas.
Saline County Jail; Hugh Gentry, Lt.,             *
Saline County Jail, originally sued as            *   [UNPUBLISHED]
Huge Gentry; Dru Reed, Sgt., Saline               *
County Jail, originally sued only as              *
Reed; Ray Pennington, Sgt., Saline                *
County Jail, originally sued only as              *
Pennington; Chad Westbrook, Jailer,               *
Saline County Jail, originally sued only          *
as Westbrook; Brandon Ford, Jailer,               *
Saline County Jail originally sued only           *
as Ford; Dan Sutterfield, Detective,              *
Arresting Officer; John Doe, Arresting            *
Officer,                                          *
                                                  *
          Appellees.                              *

_____

Submitted: April 6, 2010
    Filed:  April 26, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Donald Winnett filed a 42 U.S.C. § 1983 complaint and amended complaint naming five employees of the Saline County Jail and two employees of the Saline County Sheriff's Office. The district court[1] granted summary judgment for defendants, and Winnett appeals. Winnett has also filed a "Motion of Fraud and Embezzlement and Commitment of Travesty of Justice."

We reject Winnett's argument that the district court lacked jurisdiction when it ruled on defendants' summary judgment motion. Although Winnett had brought an interlocutory appeal, that matter had been resolved and the mandate had been issued without a stay. See Carlson v. Hyundai Motor Co., 222 F.3d 1044, 1045 (8th Cir. 2000) (issuance of mandate formally marks end of appellate jurisdiction; jurisdiction returns to tribunal to which mandate is directed, for such proceedings as may be appropriate); see also Fed. R. App. P. 41(d)(2)(A) (procedure for moving to stay mandate pending filing of petition for writ of certiorari in Supreme Court).

Reviewing de novo, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude the grant of summary judgment was proper. As to all defendants, the complaint should be interpreted as containing only official-capacity claims, see Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (if complaint is silent about capacity in which defendant is sued, court interprets complaint as including only official-capacity claims), and thus should be viewed as a suit only against Saline County (County), see Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (suit against public official in official capacity is actually suit against entity for which official is agent). Further, Winnett neither alleged nor presented evidence indicating that defendants had acted pursuant to an official custom or policy of the County. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 & n.55 (1978) (plaintiff seeking to impose § 1983 liability on local government body must show official

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights); <u>Berryhill v. Schriro</u>, 137 F.3d 1073, 1077 (8th Cir. 1998) (this court can affirm district court's summary judgment decision on any basis supported by record).

Finally, we conclude that the district court did not abuse its discretion in denying Winnett's motion for recusal.  <u>See</u> <u>Hooker v. Story</u>, 159 F.3d 1139, 1140 (8th Cir. 1998) (per curiam) (standard of review).

Accordingly, we affirm.  We also deny Winnett's pending motion.

_____