Adolph T. REIMERS, Plaintiff-Appellant,

v.

FRANK B. CONNET LUMBER COMPANY, a Corporation, Defendant-Respondent.

No. 43410.

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

Rogers, Field & Gentry, Kansas City, Mo., for appellant.

Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, Mo., for respondent.

PER CURIAM.

Plaintiff-appellant has filed here his "Motion to Amend and Particularize the Mandate with Respect to Statutory Interest on the Verdict and Judgment Reinstated on Appeal Herein."

In this case the plaintiff-appellant had verdict and judgment for $35,000 on May 24, 1952. The trial court sustained defendant-respondent's motion for new trial. Plaintiff appealed from this order. We held in the opinion filed July 12, 1954, 271 S.W. 2d 46, 53, that the trial court erred in granting defendant a new trial and said in the directive portion of the opinion: "It follows that the trial court's order granting defendant a new trial is reversed with directions to reinstate the verdict and judgment for plaintiff." Defendant's motion for rehearing was overruled on September 13, 1954. This court's mandate was issued on September 22, 1954, in words as follows: "Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the order of the Circuit Court of Jackson County granting a new trial be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which he has lost by reason of said order. It is further considered and adjudged by the Court that the said cause be remanded to the said circuit court of Jackson County with directions to reinstate the verdict and judgment for the plaintiff; and that the said appellant recover against the said respondent his costs and charges herein expended and have therefor execution. (Opinion filed)."

The present verified motion, filed November 3, 1954, recites that upon receipt of the mandate, the trial court entered its order reinstating plaintiff's verdict and judgment "in accordance with the mandate of the supreme court", and refused to include any provision in the order with respect to interest. Plaintiff's motion recites further that defendant paid to the circuit clerk the principal of the judgment and costs, refused to pay interest from May 24, 1952 (the date of the judgment), and contends that the mandate means that interest begins to be due from the date on which the circuit court made its order reinstating plaintiff's verdict and judgment.

We think our mandate is clear and unambiguous and that there can be no question that under that mandate plaintiff's verdict and judgment were "reinstated" as of May 24, 1952, the date on which the judgment was rendered. When this court held that the order of the trial court setting aside the verdict and judgment was an erroneous order, the effect was to hold that the judgment was in fact never effectively lost but always in fact existed. The effect of our opinion and mandate was in reality to affirm the judgment as entered on May 24, 1952. And, of course, a judgment bears interest from the date of rendition. We are of the opinion that the case of Scullin v. Wabash R. Co., 192 Mo. 6, 90 S.W. 1028, in so far as it indicates a contrary meaning of the opinion and mandate in this case, should not be followed.

However, while we have the judicial power to recall a mandate for certain purposes, it would be useless to do so under the circumstances here because the mandate conforms to the final opinion. Therefore, plaintiff-appellant's motion is overruled.