## CRYSTAL TIRE COMPANY, Respondent,

v.

## HOME SERVICE OIL COMPANY and C. E. S. Truck Lines, Inc., Appellants.

### No. 57313.

Supreme Court of Missouri, Division No. 2.

March 11, 1974.

Earl R. Blackwell, Hillsboro, for respondent.

John A. Schneider, R. A. Wegmann, Dearing, Richeson, Roberts & Wegmann, Holtkamp & Amelung, A. G. Holtkamp, Robert A. Wulff, St. Louis, for appellant, Home Service Oil Co.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Louis A. Robertson, Robertson, Ely & Wieland, St. Louis, for C.E.S. Truck Lines, Inc.

STOCKARD, Commissioner.

In plaintiff's action for damages resulting from an explosion and fire, a jury verdict was returned on March 28, 1968, in favor of plaintiff and against C.E.S. Truck Lines and Home Service Oil Company. That verdict was not accepted by the trial court and the jury was directed to continue its deliberations. A second verdict was returned by the jury on March 29, 1968. By that verdict the jury found for plaintiff and against C.E.S. Truck Lines, but found for Home Service Oil Company. Judgment was entered on the second verdict. On appeal this court held that the trial court erred in refusing to accept and reform the verdict returned on March 28, and the judgment was reversed and the cause remanded with directions that "the trial court shall accept the verdict of March 28, 1968, and shall enter a general judgment in the amount of $251,000 in fa-

vor of plaintiff and against both defendants; * * *." Crystal Tire Company v. Home Service Oil Company and C.E.S. Truck Lines, Inc., 465 S.W.2d 531 (Mo. 1971).

The mandate of this court provided that the judgment entered on the second verdict be reversed, and that Crystal Tire Company "be restored to all things which it has lost by reason of the said judgment," and also that "the said cause be remanded * * * for further proceedings to be had therein, in conformity with the opinion of this court herein delivered; * * *." Thereafter on May 10, 1971, the trial court entered its judgment that "the verdict of March 28, 1968, is accepted and judgment [is entered] in favor of plaintiff and against both defendants in the amount of $251,000.00."

Defendants subsequently deposited in the trial court for the benefit of plaintiff the sum of $251,000 in payment of the judgment, and $3,221.16 as interest on the judgment from May 10, 1971 to the date of the deposit. Thereafter, on plaintiff's petition, the clerk issued an execution against defendants for the sum of $46,955.45, said amount representing interest on the judgment from March 28, 1968 to May 10, 1971. Defendants each filed a motion to quash the execution; each motion was overruled; and defendants each filed a notice of appeal prior to January 1, 1972. Appellate jurisdiction is in this court.

By reason of the opinion of this court and its mandate in the previous appeal, the verdict of the jury upon which the judgment was to be entered was the verdict of March 28, 1968. The mandate was that plaintiff "be restored to all things which it lost by reason of the judgment," which when read with the opinion, Dalton v. Johnson, 341 S.W.2d 596 (Mo.App.1961), provided that after accepting the verdict of March 28, 1968, the trial court should "enter a general judgment in the amount of $251,000 in favor of plaintiff and against both defendants." Section 510.340 R.S.Mo. 1969 V.A. M.S. provides that "The judgment shall be entered as of the day of the verdict." Therefore, even though the judgment was not in fact made of record until May 10, 1971, by reason of the operation of the above statute the judgment was entered "as of" March 28, 1968, and a judgment bears interest "from the date of rendering the same until satisfaction be made by payment." Section 408.030, RSMo 1969, V.A. M.S. In Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935 (Mo.1947), it was stated that "A judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk * * * and in legal contemplation, under Section 116 [now § 510.340, RSMo 1969] the judgment is *rendered* upon the verdict when the verdict is returned and its validity is not affected by the delay of the clerk in *entering* it on the court record, or by an omission altogether to record it in pursuance to statutory direction." In the Lieffring case no judgment was entered of record. In the present case, this court ruled that a judgment should have been entered as of the day of the first verdict. Therefore, when the ministerial act of entering the judgment was performed pursuant to the mandate of this court, the judgment was *rendered* as of the date of the verdict, and it bears interest from that date.

The motions to quash the executions were properly overruled. The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.