Victoria Lynn AVENEVOLI, Appellant,

v.

Joseph Anthony AVENEVOLI, Respondent.

No. 50823.

Missouri Court of Appeals, Eastern District, Division One.

July 8, 1986.

Ray A. Gerritzen, St. Louis, for appellant.

Donald H. Clooney, Timothy R. Anderson, St. Louis, for respondent.

SNYDER, Judge.

This is an appeal by the ex-wife from a trial court declaratory judgment ordering that interest shall accrue from the date of the decree on a sum awarded to respondent ex-husband in the decree which dissolved their marriage. The sum awarded was ordered to be a judgment lien on the parties' marital residence which was awarded to appellant. Payment of the judgment was stayed until the happening of any one of three events. The parties have stipulated that none of the events has occurred.

The issue is whether interest should accrue from the date of the decree or from the date the judgment becomes payable. The judgment is affirmed.

On October 18, 1982, the Circuit Court of St. Louis County entered a decree of dissolution of the marriage of appellant and respondent. The decree divided the marital property and granted custody of the parties' two minor children to appellant. The decree further provided that the residence at 3191 Donnycave, St. Louis County, Missouri, with a current market value of $75,-000.00, was marital property. The trial court awarded the residence to appellant subject to current encumbrances of $23,000 and the following conditions:

a) Respondent shall have and recover from Petitioner the sum of $24,000.00. Said sum to be a judgment lien in favor of Respondent, with interest thereon, payable at the rate of 9% per annum. Said lien shall be subordinated only to the purchase money Deed of Trust. Execution of said judgment shall be stayed until the happening of one of the following:

1) When the youngest child born of the marriage, who is living completes the 8th grade in school;

2) Remarriage of Petitioner;

3) On the date Petitioner vacates the aforesaid premises, fails to occupy the same as her sole and exclusive residence, or cohabits with another person who shares or should share the expenses of said real estate.

Respondent filed a motion for a declaratory judgment to determine the meaning of the language in the decree relating to the payment of interest on the $24,000.00 judgment lien. In addition, respondent sought a modification of the decree to allow respondent to claim one of the parties' children as his dependent for federal and state income tax purposes. In response, appellant filed a motion to modify the decree seeking to have respondent: 1) increase his child support obligation, 2) provide hospital and medical insurance coverage for the parties' two minor children and 3) pay appellant's attorneys' fees relating to the motion to modify.

On October 23, 1985, the trial court entered a judgment declaring that the interest due on respondent's $24,000 judgment lien began to accrue at the rate of nine percent per annum from the date of the original decree, October 18, 1982. The trial court further decreed that the judgment amount with the accrued interest should be paid in full to respondent in accordance with the terms of the parties' decree of dissolution.

The dissolution decree was further modified by allowing respondent to claim one of the minor children as a dependent, and by ordering respondent to pay increased child support, appellant's attorneys' fees and the costs of the motion to modify.

Appellant alleges the trial court erred in declaring that interest accrued on respondent's $24,000.00 judgment from the date of the original decree because the execution of the judgment was stayed. Appellant argues that interest cannot begin to accrue until the principal is due. Therefore, she reasons, because the principal is not due until one of the three conditions is

satisfied, the interest should not begin to accrue until then. Appellant's point is denied.

■ A judgment bears interest from the date of rendition. *Reimers v. Frank B. Connet Lumber Co.*, 273 S.W.2d 348, 349 [1–2] (Mo.1954).

Section 408.040 RSMo. (Cum.Supp.1984) reads:

> Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

■ The trial court in its order and judgment of October 23, 1985, determined that the original decree award of $24,000.00 should bear interest at 9% from the date of rendition—October 18, 1982—until the judgment is paid upon the occurrence of any of the three events specified in the decree. This decision complies with the language of § 408.040. The trial court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976).

Appellant suggests that interest only follows principal and is not to be imposed until the principal is not paid on time. This notion is contrary to common commercial business practices. Parties to such dealings have developed a multitude of arrangements for the repayment of financial obligations and certainly the accrual of interest before repayment of principal is due on promissory notes is a common practice.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.