Philip M. Hess, Judge
Introduction
Saab Auto Sales and Leasing, Inc., ("Appellant") appeals the mechanic's lien judgement entered against it by the circuit court of St. Charles County. Appellant contracted with Karrenbrock Construction, Inc., and Karrenbrock Excavating, LLC (collectively "Respondents"), to complete work on property owned by Appellant. Appellant's sole point on appeal is that the trial court did not have subject matter jurisdiction[1] to enforce the mechanic's liens because Respondents were original contractors and neither pleaded nor provided evidence that the original contractor notice required by § 429.012[2] was ever provided. We hold that, because the trial court had subject matter jurisdiction, Appellant's sole point is denied. Accordingly, we affirm.
Factual and Procedural Background
On February 8, 2013, Respondents contracted with Appellant to perform work on property owned by Appellant. The parties agreed within the contracts that Respondents were subcontractors. On January 20, 2014, Respondents sent Appellant the subcontractor lien notices required by § 429.100. On February 10, 2014, Respondents filed mechanic's liens against Appellant's property to secure payment for their work under the contracts. On July 25, 2014, Respondents filed suit to enforce those liens.
Respondents pleaded they were subcontractors but also that Appellant owned the property being worked upon at the time the contract was created. Appellant answered and admitted the same. Respondents further pleaded they followed all conditions precedent to enforcing a mechanic's lien. Appellant answered by stating it was without sufficient information to admit or deny and therefore denied that allegation. At the bench trial, the only witness in the case testified, without objection, that the contracts between Respondents and Appellant were subcontracts. Appellant's ownership of the property being worked upon was evidenced by a deed. Respondents also introduced into evidence, with Appellants stipulating to admissibility, the subcontractor notices Respondents provided to Appellant in accordance with § 429.100. Respondents did not produce any evidence the original contractor notice *901 required under § 429.012 was provided to Appellant. Appellant presented no evidence at trial. Appellant made no assertion Respondents were original contractors (as opposed to subcontractors), or that Respondents were required to provide notice of their mechanic's liens under § 429.012 (as opposed to § 429.100), until Appellant's motion to amend the judgment.
After the bench trial, the trial court entered judgment on October 5, 2016, declaring the mechanic's liens to be valid and enforceable against Appellant's property. This judgment was interlocutory until the dismissal of the remaining claims on June 7, 2017.[3] The trial court amended its judgment on August 9, 2017. The amended judgment mirrored the original judgment in declaring Respondents' mechanic's liens valid and enforceable against Appellant's property. Appellant timely appealed.[4]
Standard of Review
The trial court's judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. 1976). "Dismissal for lack of subject matter jurisdiction is appropriate 'whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction.' " McCracken v. Wal-Mart Stores East, LP , 298 S.W.3d 473, 476 (Mo. banc 2009) (quoting Rule 55.27(g)(3)).[5] "Lack of subject matter jurisdiction is not subject to waiver; it can be raised at any time, even on appeal." Id. "Jurisdiction is a question of law that we review de novo." Matthey v. St. Louis County , 298 S.W.3d 903, 905 (Mo. App. E.D. 2009).
Discussion
In Appellant's sole point on appeal, it argues Respondents' failure to plead and prove they provided proper notice of the mechanic's liens under § 429.012 removes the trial court's subject matter jurisdiction. Appellant argues Respondents were original contractors because Appellant owned the property on which Respondents were working. See Vasquez v. Village Center, Inc., 362 S.W.2d 588, 593 (Mo. 1962) (stating "[o]ne who makes a contract to perform labor or furnish materials with the then owner of the property is an original contractor"). Thus, Appellant argues, Respondents were required to plead and prove they provided notice under § 429.012-not § 429.100. Respondents assert they were only required to provide the notice under § 429.100 because they were subcontractors under their contract with Appellant. Respondents further argue that even if they were original contractors, Appellant waived its right to appellate relief because it did not plead the trial court lacked statutory authority due to the failure to provide notice under § 429.012, and because Appellant did not lodge any objections regarding the status of the parties at trial.
The central question presented by Appellant's only point relied on is whether Respondents' alleged failure to plead and provide evidence of their mechanic's lien notices removes a trial court's subject matter jurisdiction. It does not.
Appellant's point relied on states: "[t]he trial court erred in denying [Appellant's]
*902 Motion to Amend the Mechanic's Lien portions of the Judgments because the trial court did not have jurisdiction to impose the mechanic's liens in favor of [Respondents], in that [Respondents] failed to plead and prove compliance with RSMo Section 429.012" (emphasis added).
"Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" Rule 84.13(a). A brief "shall contain ... [t]he points relied on[.]" Rule 84.04(a). The points relied on must "[s]tate concisely the legal reasons for the appellant's claim of reversible error[.]" Rule 84.04(d). "[A]n argument not set out in the point relied on ... does not comply with the requirements of Rule 84.04(d) and the point is considered abandoned[.]" Brizendine v. Conrad , 71 S.W.3d 587, 593 (Mo. banc 2002). Therefore, we review only Appellant's argument set forth in its point relied on. See United Missouri Bank, N.A. v. City of Grandview , 179 S.W.3d 362, 366 (Mo. App. W.D. 2005) (disregarding an argument in the appellant's brief that was not in its points relied on and considering only the points relied on).
Because the Missouri Supreme Court's discussion of a trial court's jurisdiction in J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249 (Mo. banc 2009), is determinative to Appellant's allegation of error, we need not address Appellant's and Respondents' dispute over whether the mechanic's lien notices were required under § 429.012 or under § 429.100. Further, we need not address Respondents' arguments that Appellant waived its right to appellate review by failing to raise this issue in responsive pleadings or at trial. We will confine our discussion to Appellant's allegation of error: the trial court lacked jurisdiction to impose the mechanic's liens.
The Missouri Supreme Court in Wyciskalla instructs us that, in Missouri, subject matter jurisdiction is the court's authority to render a judgment in a particular category of case. Id. at 254. Subject matter jurisdiction is "governed directly by the state's constitution." Id. at 253. Article V, § 14 states "the circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Id. (emphasis added). The Court further instructs us there are cases that, in dicta, recognize a third concept, "jurisdictional competence," which often is confused with subject matter jurisdiction. Id. at 254. These cases "really go to the court's authority to render a particular judgment in a particular case." Id. "[T]here is no constitutional basis for this third jurisdictional concept for statutes that would bar litigants from relief." Id.
The Court reduced the issue of determining jurisdiction in Wyciskalla to a simple task: "The present case is a civil case. Therefore, the circuit court has subject matter jurisdiction, and, thus, has the authority to hear the dispute." Id. Here, the parties agreed at oral argument that this case is a civil case. Appellant admits in supplemental briefing that its reliance on jurisdiction within its sole point relied on was misplaced.[6] The trial court had jurisdiction to impose the mechanic's liens.[7]
*903 Appellant's sole point on appeal is denied.
Conclusion
The judgment of the trial court is affirmed.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

While Appellant uses the general term "jurisdiction" in its sole point relied upon, it cites in its argument Bledsoe Plumbing & Heating, Inc. v. Brown , 66 S.W.3d 169, 172 (Mo. App. W.D. 2002), for the proposition that the court did not have "subject matter jurisdiction to impose a mechanic's lien." Since Appellant never alludes to the only other type of jurisdiction-personal jurisdiction-we glean from Appellant's argument that it meant to challenge only the court's subject matter jurisdiction.

All statutory citations are to RSMo 2000 unless otherwise indicated.

The dismissed remaining claims are not relevant to this appeal.

Appellant only appeals the validity of Respondents' mechanic's liens. It did not appeal the contractual money judgment awarded to Respondents. Appellant agreed in oral argument it owed Respondents the unpaid money.

All references to Rules are to the Missouri Supreme Court Rules 2017 unless otherwise indicated.

Because the import of Wyciskalla was not addressed in either party's brief, this Court, sua sponte, allowed supplemental briefing. Appellant argues in its supplemental brief that "the outcome of this case should not be controlled by semantics." However, "[t]he requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy." Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978).

To the extent that Appellant's cases, Bledsoe Plumbing & Heating, Inc. v. Brown , 66 S.W.3d 169 (Mo. App. W.D. 2002) ; Bullmaster v. Krueger, 151 S.W.3d 380 (Mo. App. W.D. 2004) ; Financial Design Consultants, Inc. v. McCarver, 712 S.W.2d 738 (Mo. App. E.D. 1986), all decided before Wyciskalla , hold otherwise, the Supreme Court's holding in Wyciskalla mandates we not follow them.